# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

**CITY COURT OF SULPHUR**                    **CASE NO.  2:24-CR-00142 SEC P-01**

**VERSUS**                                   **JUDGE JAMES D. CAIN, JR.**

**CAROL JAMES VINCENT (01)**                 **MAGISTRATE JUDGE DAVID J. AYO**

## <u>MEMORANDUM RULING</u>

Before the Court is a *pro se* petition filed by Carol James Vincent, seeking transfer of the pending criminal case against him in Sulphur City Court to the United States District Court for the Western District of Louisiana.[1] To this end, Mr. Vincent cites federal recusal statutes and maintains that his right to a fair trial under the United States Constitution has been threatened by the alleged bias on the part of the Sulphur City Court judge.[2]

Constitutional errors in state criminal proceedings may be challenged in federal court only after a petitioner has exhausted his remedies in state court. See U.S.C. § 2254(b). This entails submitting the claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  Additionally, under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must decline to interfere with state criminal proceedings "except in extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Rodriguez v. Salazar,* 2019 WL 5624756, at \*1 (W.D. Tex. Oct. 31, 2019). The Fifth Circuit has emphasized that the federal court **must** abstain from exercising

---

[1] Doc. 1.
[2] *Id.*

jurisdiction over a dispute when (1) the dispute involves an ongoing state judicial proceeding, (2) the subject matter of the dispute implicates important state interests, and (3) the ongoing state proceedings afford adequate opportunities for raising the constitutional challenges. *Wightman v. Tex. Sup. Ct.*, 84 F.3d 188, 189-90 (5th Cir. 1996).

The State of Louisiana has an important interest in enforcing its laws and regulations. Petitioner has more than adequate opportunity to raise his challenges in the state courts. Additionally, he has not shown extraordinary circumstances setting him apart from most other criminal defendants raising some sort of constitutional error in their case.

Accordingly, the Court will remand this matter to Sulphur City Court for lack of jurisdiction.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of October, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**